**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. CARSON CARRIER, as Beneficiary )<br> )<br>       Plaintiff,     )<br> )<br>v.             )<br> )<br>1. STATE FARM LIFE     )<br>INSURANCE COMPANY,   )<br> )<br>       Defendant.    ) | CIV-12- 395-HE<br><br>*Honorable* |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, State Farm Life Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Cleveland County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant states the following:

**Timeliness of Removal**

1. Plaintiff commenced this action by filing the Petition in the District Court of Cleveland County, on March 13, 2012.

2. The Oklahoma Insurance Commissioner informed counsel for State Farm that service was perfected on State Farm on March 22, 2012. Based on the service date of

March 22, 2012, State Farm's Answer date is Wednesday, April 11, 2012. However, on Tuesday, April 10, 2012, counsel learned that the Return of Summons filed with the District Court of Cleveland County reflects that State Farm was served via the Oklahoma Insurance Commissioner on March 21, 2012. Based on the service date of March 21, 2012, State Farm's Answer was due on Tuesday, April 10, 2012. In order to ensure that both this removal and State Farm's answer are timely filed, counsel for State Farm spoke with counsel for Plaintiff who agreed to extend the deadline for State Farm's Answer to Friday, April 13, 2012.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a certified copy of the Docket Sheet and a copy of all documents filed or served in the Cleveland County case are attached to this Notice of Removal as **Exhibit No. "1".**

4. This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. §1446(b) if filed within 30 days after service of the complaint).

**Diversity Jurisdiction**

5. At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do

business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Allegations and Claims in the Petition

8. According to Plaintiff's Petition, the underlying lawsuit arises out of the death of Plaintiff's brother, Edward Carrier III, which occurred on or about February 19, 2010. Edward Carrier held a life insurance policy, number LF-2718-8632, issued by State Farm, which listed Plaintiff as primary beneficiary. Plaintiff contends the policy was in force when Edward Carrier died and further contends State Farm has refused to pay on the policy.

9. Based upon its investigation, State Farm determined that the evidence indicated that Edward Carrier's death was due to his own intentional actions and as such was not covered under the policy. Based on the limited death benefit suicide clause in the policy, State Farm refunded Edward Carrier's premiums.

10. Plaintiff alleges that State Farm owes $150,000.00 on the insurance policy. This is denied by State Farm, due to the limited death benefit suicide clause in the policy.

### Amount in Controversy

11. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

      a.    Plaintiff alleges that State Farm has refused to pay the $150,000.00 death benefit.

      b.    Plaintiff specifically states in his Petition that he is seeking judgment against State Farm for $150,000.00 plus costs, interest at 15%, and attorney's fee, which is an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

12.    While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

13.    Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14.    State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable... .

State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal.)

15. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979. The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id*. (citing *DeBry*, 601 F.2d at 486-88).

16. Upon the face of Plaintiff's Petition, it clearly establishes that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

17.   Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal.  *Laughlin*, 50 F.3d at 873.  State Farm and its counsel contend that the facts and reasons set forth above support removal.

18.   Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

19.   Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court of Cleveland County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600

Date:  April 11, 2012         Facsimile:   (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEYS FOR DEFENDANT,
STATE FARM LIFE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  X    I hereby certify that on the 11th day of April, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rex Travis
RexTravis@TravisLawOffice.com
Paul Kouri
PaulKouri@TravisLawOffice.com
P.O. Box 1336
Oklahoma City, OK 73101-1336
**ATTORNEYS FOR PLAINTIFF**

_____    I hereby certify that on the _____ day of _____, 2012, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:

                                                              s/Joseph T. Acquaviva, Jr.
                                                              Joseph T. Acquaviva, Jr.